UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In re:                                                            :
                                                                  :
JEFFREY SOLOMON SIMPSON,                                          :        26-CV-04833 (JAV)
                                                                  :
                        Debtor.                                   :        ORDER ADOPTING
                                                                  :        FINDINGS OF FACT AND
------------------------------------------------------------------ :       CONCLUSIONS OF LAW
                                                                  :
                                                                  :
GREAT AMERICAN TITLE INSURANCE                                    :
COMPANY,                                                          :
                                                                  :
                        Plaintiff,                                :
                                                                  :
           -v-                                                    :
                                                                  :
ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY                           :
SIMPSON, JARED CHASSEN, WIGGIN AND DANA                           :
LLP, GRIFFIN LLP, and OFFIT KURMAN PA.,                           :
                                                                  :
                        Defendants.                               :
                                                                  :
                                                                  :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 2, 2026, Debtor Jeffrey Solomon Simpson ("Debtor") removed the above-captioned interpleader action from the Supreme Court of the State of New York to the United States Bankruptcy Court for the Southern District of New York, pursuant to under 28 U.S.C. § 1452(a).  Bankr. Dkt. No. 1-1.[1]  On April 1, 2026, Arch Real Estate Holdings LLC ("AREH") and Jared Chassen (collectively, "Movants") jointly filed a motion to remand the case for lack of

---

[1] Citations to "Bankr. Dkt. No." refers to entries on the Bankruptcy Court's docket, No. 26-01015 (LGB). Citations to "ECF No." refer to entries on this Court's docket for this case, No. 26-CV-04833 (JAV).

jurisdiction or, in the alternative, under principles of abstention or equity ("Motion").  Bankr. Dkt. No. 7.  On May 14, 2026, Bankruptcy Judge Lisa G. Beckerman issued proposed findings of fact and conclusions of law, recommending that the Motion be granted and the case remanded. ECF No. 1 ("FFCL").  Movants submitted a limited objection, ECF No. 2, which they later withdrew, ECF No. 4.  No other party has submitted objections.  The Court thus **ADOPTS** the Bankruptcy Court's proposed findings and conclusions in full, **GRANTS** the Motion, and **REMANDS** this case to the Commercial Division of the New York Supreme Court.  FCCL at 3.

In a non-core proceeding that is "otherwise related to a case under title 11," where the parties have not consented to entry of final judgment by the Bankruptcy Court, a bankruptcy court "shall submit proposed findings of fact and conclusions of law to the district court," and the district judge shall enter any final order or judgement "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected."  28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. § 9033(c).  The district court must then "make a *de novo* review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule."  Fed. R. Bankr. P. 9903(d).  For the reasons laid out in Judge Beckerman's proposed conclusions, the Court agrees that this case is not a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(1).  FFCL at 2.

In the present case, the Notice of Proposed Findings and Conclusions advised all parties that, pursuant to Rule 9033(b) of the Federal Rules of Bankruptcy Procedure, they had fourteen days from service on May 14, 2026, to file any objections.  ECF No. 1-1.  As of the date of this Order, Debtor has not filed any objections nor made requests for an extension of time to object.

2

Accordingly, Debtor has waived the right to object to the Bankruptcy Court's Findings and Conclusions. *See Messer v. Peykar Int'l Co. et al.*, 510 B.R. 31, 38 (S.D.N.Y. 2014) (collecting cases).

On May 28, 2026, AREH timely filed limited objections to the proposed findings of fact and conclusions of law. *See* Objs., ¶¶ 2-4. These objections, however, are inapposite. AREH objected only to characterizations the Bankruptcy Judge made at a hearing in this matter—not to the proposed findings of fact or conclusions of law submitted to the district court. Objs., ¶¶ 55-58. Accordingly, the Court finds these objections to have no bearing on its review.

Upon review of the Bankruptcy Court's proposed findings of fact and conclusions of law—and without objections to consider—the Court finds them thorough, well-reasoned, and grounded in fact and law. Having found no substantive errors,[2] the Court **ADOPTS** the findings and conclusions in their entirety.

The Clerk of Court is directed to remand the above-captioned interpleader action to the Commercial Division of the Supreme Court of the State of New York, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: June 23, 2026
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

---

[2] The FFCL erroneously refers to "11 U.S.C. § 157" instead of "28 U.S.C. § 157." With that typographical correction, the Court otherwise adopts the FFCL in full.